UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
IN RE KOSSOFF PLLC,

                Debtor,

------------------------------------------------------------- x

KOSSOFF PLLC and MITCHELL H. KOSSOFF,

                Appellants,

- against -

ALBERT TOGUT, CHAPTER INTERIM
7 TRUSTEE,

                Appellees.

------------------------------------------------------------- x

**ORDER DENYING MOTION TO APPEAL**

21 Civ. 7122 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Real estate law firm Kossoff PLLC, (the "Debtor") and its sole member and the Designated Responsible Officer, Mitchell H. Kossoff ("Kossoff") (collectively "Appellants"), move for leave to appeal an August 5, 2021, Bankruptcy Court Order compelling Kossoff to produce and prepare documents of the Debtor in his capacity of representative of Kossoff PLLC and to appear for examination under oath at the Section 341 Meeting of Creditors. ECF No. 3. Appellants argue that the order violates Kossoff's right to assert his Fifth Amendment privilege against self-incrimination. *See id*. Appellants also seek to stay bankruptcy proceedings pending their appeal. ECF No. 13. Both the motion for leave to appeal and the motion to stay the bankruptcy proceedings are denied.

      On April 13, 2021, creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") against the Debtor. Debtor is a professional

limited liability company, organized under the laws of the State of New York, and Kossoff is its sole managing member.  *See* Bankr. Docket No. 116, Ex. 3.  Appellee Albert Tolgut, the Chapter 7 Interim Trustee of the Debtor, sought to collect the Debtor's documents and information from Kossoff for his investigation of the Debtor's affairs.  Kossoff, designated by the Bankruptcy Court as the Debtor's Responsible Officer, *see* Bankr. Dkt. No. 93, has refused to produce the Debtor's documents or testify, claiming his Fifth Amendment privilege against self-incrimination and stating that he is being investigated by the Manhattan District Attorney.  *See* Mot. Leave Appeal 2.

On July 22, 2021, the Bankruptcy Court conducted a hearing and, on August 5, 2021, entered an order compelling Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee.  *See* Order to Compel, Bankr. Docket No. 137, ECF No. 3.  The Bankruptcy Court held that "the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor." *Id.* at 11.  Appellants filed the instant motion for leave to appeal on August 24, 2021.

Section 158(a)(3) governs interlocutory appeals.  *See In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 672 (S.D.N.Y. 2011).  In determining whether to grant an interlocutory appeal, courts look to 28 U.S.C. § 1292(b) for guidance.  *See In re Pappas*, 207 B.R. 379, 381 (B.A.P. 2d Cir. 1997) ("Leave to appeal an interlocutory order of a bankruptcy court will be granted only where the standards prescribed in 28 U.S.C. § 1292(b) are satisfied."); *see also In re WorldCom,*

*Inc.*, No. M-47 HB, 2003 WL 21498904, at *9 (S.D.N.Y. June 30, 2003). Under Section 1292(b), an interlocutory appeal may be granted when the order: (1) "involves a controlling question of law;" (2) "there is substantial ground for difference of opinion;" and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A "controlling question of law," it must "be 'controlling' in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005). "[T]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *See In re WorldCom, Inc.*, 2003 WL 21498904, at *9 (citation and internal quotation marks omitted). As to the second prong, substantial grounds for difference of opinion "must arise out of a genuine doubt as to the correct applicable legal standard that was relied upon in the order." *Id.* (citation and internal quotation marks omitted). An appeal materially advances the termination of the litigation if it "promises to advance the time for trial or to shorten the time required for trial" or has "the potential for substantially accelerating the disposition of the litigation." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citations omitted).

      I hold that Appellants have not satisfied the standards prescribed in Section 1292(b). Whether Kossoff, the Designated Responsible Officer for Debtor, may invoke a Fifth Amendment privilege involves a controlling question of law and would materially affect the outcome of the bankruptcy proceeding. However, Appellants have not established that there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b). The case law in this circuit is clear- the Fifth Amendment privilege against self-incrimination does not apply to a

corporate custodian, because they do not hold corporate documents in their individual capacities. *See Braswell v. United States,* 487 U.S. 99, 108 (1988) (holding that the Fifth Amendment is not implicated when a custodian is compelled to produce corporate records "regardless of how small the corporation may be"); *United States v. Moseley,* 832 F. Supp. 56, 59–60 (W.D.N.Y. 1993) (holding that no fifth amendment privilege applies for sole owner, director, officer, and employee of company as custodian who "is being summoned to perform a corporate act"); *In the Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991,* 959 F.2d 1158, 1163 (2d Cir. 1992) (holding that no Fifth Amendment privilege applies for the corporation's sole stockholder and custodian of corporate records because they are not his personal records so any incrimination would not be self-incrimination). While Kossoff attempts to distinguish his factual situation on the grounds that as a professional limited liability company, the Debtor is akin to a sole proprietorship, Kossoff PLLC is not, in fact, a sole proprietorship. Kossoff cannot now ignore the repercussions of his choice of corporate form. *See In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 159 (2d Cir. 2010) ("[T]he decision to incorporate is freely made and generates benefits, such as limited liability, and burdens, such as the need to respond to subpoenas for corporate records.") (collecting cases); *see also United States v. Stone,* 976 F.2d 909, 912 (1992), *cert. denied,* 507 U.S. 1029, 113 S.Ct. 1843, 123 L.Ed.2d 467 (1993) (finding that sole shareholder, director, officer and employee of a corporation issued a subpoena duces tecum held no Fifth Amendment privilege, and explaining that he "chose the corporate form and gained its attendant benefits ... he cannot now disregard the corporate form to shield his business records from production"). I therefore hold that the appeal from the part of the order compelling production of documents is denied.

While Kossoff's production of records would be a corporate action, *see United States v. Braswell*, 487 U.S. at 109-10, providing oral testimony may implicate Kossoff's individual Fifth Amendment rights.  *See United States v. Arditi*, No. M-18-304, 1978 WL 1220, at *1 (S.D.N.Y. May 2, 1978) (explaining that while a respondent may not withhold testimony because the corporation would be incriminated, he or she cannot be compelled to condemn himself by oral testimony absent a grant of immunity); *see Curcio v. United States*, 354 U.S. 118, 125 (1957) (holding that testimony identifying or authenticating documents for admission is not privileged; and explaining that the Fifth Amendment privilege may apply to testimony that is more than 'auxiliary to the production' of unprivileged corporate or association records).  However, "[a]ny privilege [Kossoff] wishes to assert with regard to his testimony must be made on a question-by-question basis, should he believe answering a particular question would incriminate him." *United States v. Raniere*, 895 F. Supp. 699, 707 (D.N.J. 1995); *Sec. & Exch. Comm'n v. Pence*, 323 F.R.D. 179, 188 (S.D.N.Y. 2017) (quoting *United States v. Zappola*, 646 F.2d 48, 53 (2d Cir. 1981) (explaining that a court should not accept a defendant's "blanket assertion" of a fifth amendment privilege, but rather, should "undertake a particularized inquiry to determine whether the [fifth amendment] assertion was founded on a reasonable fear of prosecution").  An appeal as to Kossoff's oral testimony would therefore be premature in the abstract.

Additionally, Appellants have not shown how resolving the question of whether Appellants are entitled to invoke fifth amendment privilege would materially advance the ultimate termination of the bankruptcy litigation.  Early termination of the litigation is a "central factor" in the decision of whether to grant leave for interlocutory appeal.  *See In re Johns-Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y. 1984).  Because Appellants have not established

that there is substantial ground for a difference of opinion or that the appeal would terminate the litigation early, Petitioner's motion for leave to appeal is denied.[1]

In conclusion, Appellants' motions for leave to appeal and for a stay are denied. The Clerk is instructed to terminate the open motions, ECF Nos. 3, 15, and to close civil case 21-cv-7122.

SO ORDERED.

Dated: September 30, 2021　　　　　　　　　_/s/ Alvin K. Hellerstein_____
New York, New York　　　　　　　　　　　ALVIN K. HELLERSTEIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] It is unnecessary to decide whether Kossoff PLLC has standing to appeal an order directed to Kossoff.